

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Van Haile McFarland
County Attorney
Maverick County
Eagle Pass, Texas

Dear Sir:                    Opinion No. O-3689
                             Re: Public Roads

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I have been requested by the Commissioners Court of Maverick County to obtain your opinion in regard to the following state of facts.

"The Rohleder Brothers of this city have for the past 25 or 30 years been the owners of a small tract of land on which they have built a pleasure house, which they call 'the shack'. During the time that they have been the owners of this place the same has been open to their friends for overnight and week-end vacations during all times of the year. Up until about two years ago many people of Eagle Pass and visitors from the outside availed themselves of the open house at 'the shack'.

"This land of the Rohleder's is surrounded on three sides by the Pabla pasture which changed ownership about two years ago. The generally accepted road to the shack runs through this Pabla pasture, and the former owners of the Pabla permitted free ingress and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Van Haile McFarland, Page 2

egress over this road to and from the shack. This was over a duration of perhaps some 25 or more years, and the road thus used was also used for going through and beyond the Pabla pasture to the Paloma.

"About two years ago Colonel Johnson purchased the Pabla pasture and has placed a lock on the gate across this road. At first Colonel Johnson permitted two locks on the chain which bound the gate, one of the locks being his own to which he kept the keys, and the other being that of the Rohleder Brothers to which they kept the keys. Recently Colonel Johnson has removed the lock belonging to the Rohleder Brothers and placed his own lock there as the only one, and furnished the Rohleder Brothers two keys to it.

"There is another outlet from the shack in another direction, but the same is considered unsuitable because it crosses several bad creeks which are sometimes impassable.

"The Rohleder Brothers have requested the Commissioners Court to take some action in regard to this road through the Pabla pasture to the shack, basing their request, apparently, on the theory that such road is a public thoroughfare by usage and prescription.

"I have attempted to discover the law governing such case, and have not been able to determine whether the facts stated constitute said road a public thoroughfare.

"Will you kindly give me your opinion:

"First, as to whether the road is a public thoroughfare by virtue of the usage above mentioned;

"Second, as to whether, if the road is a public thoroughfare by usage, the Commissioners Court can take action and force Colonel Johnson to remove the lock from said gate."

Honorable Van Haile McFarland, Page 3

On February 20, 1941, this department wrote to you stating that we could not answer your first question because it was a question of fact. On June 13, 1941, you requested that we answer your second question.

Article 784, Vernon's Annotated Texas Penal Code, reads as follows:

"Whoever shall wilfully obstruct or injure or cause to be obstructed or injured in any manner whatsoever any public road or highway or any street or alley in any town or city, or any public bridge or causeway, within this State, shall be fined not exceeding two hundred dollars."

Sections 15, 16 and 22, Chapter IV, Highways, pages 540-1-2, 549-50, Volume 21, Texas Jurisprudence, read as follows:

"¶ 15. In General. - As already noticed a right of public travel over land may be acquired without any establishment of a highway by proceedings under the statute. Also, as noticed hereafter, official adoption or even recognition is not essential. One nonstatutory mode of acquisition is by dedication. Dedication may be by overt act of the owner signifying his intention, the dedication being accepted by public use. Also, without any overt act on the owner's part, the public may in fact travel over his land in such circumstances that intent to dedicate it to the public use for highway purposes may be inferred.

"Another mode of acquisition is by prescriptive right vesting by virtue of long-continued use. Thus public use may be evidence of the acceptance of a dedication, or of the owner's intent to dedicate and the public's acceptance, or of a prescriptive right of use.

"Dedication and prescription having been considered generally elsewhere, in the present chapter, starting from the fact of public travel over land whereon no highway has been statutorily established, we inquire as to the

significance which that use has to establish
a legal right. In short, while some refer-
ence to theory is indispensable, we are here
more concerned with applications of the doc-
trines of dedication and prescription to
particular fact situations.

"¶ 16. Theory of Acquisition - Apart
from instances of public use where the land
owner has otherwise manifested an intent to
dedicate, public use connotes different
theories in different jurisdictions. In
England acquisition of a highway easement
by public use in derogation of the ownership
of the fee is based on implied dedication;
in Scotland on prescription; while in Texas
(as in other states of the Union) either
theory is applied as the facts appear to war-
rant. According to circumstances and the
attitude of the owner, public user may be
evidence that a road has been established by
dedication or by prescription, or by both
methods. A judgment decreeing that the
easement has been acquired will be affirmed
if acquisition by either dedication or pre-
scription is supported by the evidence.

"The close relationship between prescrip-
tion and dedication is illustrated by the
fiction of a lost grant - or rather deed of dedi-
cation.

"'Prescription' originally signified that
the right was of unknown and probably undis-
coverable origin, and that the right was
anterior to the memory of anyone. This ob-
scurity of origin was disguised by the fiction
that the right had its origin in grant, and
that the grant had been lost. A feigned
allegation of a lost grant could not be tra-
versed by plea, but now that the statute of
limitations has been adopted by analogy, the
fiction is regarded as a mere rebuttable
presumption.

". . .

Honorable Van Haile McFarland, Page 5

"| 22. Adverse Use as Essential - Under the general law of title by limitation, possession must be hostile to the true owner in the sense of an intent on the part of the possessor to hold the land as his own, the statutory expression 'claim of right' being construed to signify the requisite that the claimant must not have entered upon the land in subordination to the owner. Claim of right adversely to the owner is also essential to prescriptive title to any easement, including a highway easement.

"'The general rule is that, before a highway can be established by prescription, it must appear that the general public, under a claim of right, and not by mere permission of the owner, used some defined way, without interruption or substantial change, for at least the longest period of limitation prescribed by statute in an action involving the title to land.'

"Obviously, the use cannot be adverse where it is, and always has been, by express permission of the owner in terms indicating that he is to be free to withdraw permission. The same is also true where a tacit permission appears. If the rule were otherwise, every license would mature into a legal right, and unneighborly conduct would be encouraged - which is contrary to the policy of the law."

Section 218, Highways, 21 Texas Jurisprudence, pages 732 and 733, reads as follows:

"| 218. Proof by Public Use and Official Recognition - The statutory term 'public road' cannot be read as excluding a way to which the public have acquired a right of use without the statutory proceedings. Although there may be no evidence of statutory establishment, the road may be none the less a legal one, obstruction whereof is a penal offense. Evidence

Honorable Van Haile McFarland, Page 6

that the road is in law a highway may be
shown by long-continued use and recognition
by the county authorities working the road.
An order of the commissioners' court declar-
ing a road of nonstatutory origin to be a
public road of a designated class is likewise
sufficient.

"The best evidence that hands have been
assigned to work the road in question is by
production of an order by the commissioners'
court to this effect. Unless a predicate be
laid by proof of the destruction or loss of
the county records, the oral testimony of the
commissioners that they appointed overseers
and apportioned hands is not competent evi-
dence of those facts."

Section 35, Highways, 21 Texas Jurisprudence, pages
561 and 562, reads as follows:

"§ 35. Highway Vel Non as Question of
Fact - Whether a public right of way has been
acquired by dedication or by prescription is
generally a question of fact. In order to
authorize the withdrawal from the jury of an
issue as to the creation of a right of high-
way by dedication or prescription, the evi-
dence must be of such a character as to leave no
room for ordinary minds to differ as to the
conclusion to be drawn from it. Leaving a
strip of land open for public use, and sell-
ing lands adjoining under deeds calling for
it as a boundary, is cogent but not conclu-
sive evidence of a dedication - at least
where the land is not designated in the
deeds as a public road. The intent may be
to permit the public to use the land under
revocable license, and therefore the charge
should leave it open to the jury to find what
the intention was in fact. Conversely, in
the complete absence of evidence indicating
that the public use is not merely permissive,
it seems that a directed verdict for the owner
is in order. On the other hand, a directed
verdict for claimant of the easement is not
justified where the testimony is inconclusive
as to whether the use was permissive or ad-
verse."

Honorable Van Haile McFarland, Page 7

In an action for injuries resulting from a landowner's obstruction of a road on his premises, evidence that the public had used road from time immemorial and had worked and maintained it without objection, was held to raise an issue for the jury as to whether the road was a public road. See the case of Hoffman v. Bynum, 101 S. W. (2d) 600.

The facts given us are rather meager. No facts are given us as to the nature of the use of the road, as to whether it was adverse or permissive. Nor are there any facts given us as to whether or not the road has ever been worked by the county or the public.

We would respectfully advise that you secure the complete facts relative to the use of the road. When you have done this you will then be in a position to determine for yourself, under the principles enunciated above, as to whether or not the evidence would be sufficient to raise an issue for the jury as to whether or not the road was a public road.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JUL 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:GO

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN